IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **ROSEMARY CHAMPION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action Number |
| | ) | |
| **HUNTSVILLE CITY BOARD** | ) | 99-C-2338-NE |
| **OF EDUCATION,** | ) | |
| | ) | |
| Defendant. | ) | |

FEB 28 2002

ENTERED
MAR 4 2002

### MEMORANDUM OPINION GRANTING SUMMARY JUDGMENT
### ON RECONSIDERATION *SUA SPONTE*

On its own motion initiative, the Court has carefully reconsidered Defendant Huntsville Board of Education ("the Board")'s Motion For Summary Judgment. Despite its general disdain for granting summary judgment where questions of motive and intent are present, this Court is bound by controlling Eleventh Circuit precedent to the contrary. Here the material facts are not in dispute, and the Board is entitled to judgment as a matter of law on Plaintiff Rosemary Champion's claims of age and gender discrimination.

I

At age fifty, Plaintiff was hired in 1991 on a part time basis by the Band Parents Association of the Mountain Gap Middle School ("MGMS"). MGMS is owned and operated by the Board. Plaintiff's role was to assist the long-time band director, Barry Bicknell, who was employed by the Board.

In 1998, Bicknell decided to retire. It then became the duty of John Timlin, Principal of MGMS, to recommend to the Superintendent of the Huntsville City School System a replacement for Bicknell. Applicants for the band director vacancy were interviewed by a three-member team which included Timlin, MGMS Assistant Principal Sharon Rhinehart, and William Connell, Band Director of Grissom High School. MGMS is a feeder school for Grissom High School. After the interviews had been completed, the team voted unanimously to recommend that applicant Jerel Brent Hollowell be selected.

Plaintiff was one of the unsuccessful applicants for the position. Timlin was troubled by her interview answers to several questions, particularly those related to grading and classroom discipline. He also had observed Plaintiff in the classroom, and he was not satisfied with what he perceived as her lack of classroom control. Moreover, he had been informed by Bicknell that on a band trip to Panama City, Florida earlier in 1998, Plaintiff had failed to demonstrate the leadership Bicknell had expected. On the other hand, Timlin was considerably impressed by Hollowell's answers to the interview questions.

Interviewer Connell had also observed Plaintiff in the classroom when he visited MGMS to audition students for the Grissom High School Band. He observed a lack of discipline in her classrooms. Bicknell had also informed him of the leadership deficiencies Plaintiff had displayed on the Panama City band trip. Connell was understandably more impressed with Hollowell's answers to the interview questions, since Hollowell had been one of his students in the Grissom High School Band.

Without doubt, Plaintiff is a well-qualified musician. She holds a Master of Music degree from the University of Montana. She has served as a band director for twenty years at various

schools in Montana, Wisconsin, Oklahoma, and Guntersville, Alabama. She has served as the principal flute player of the Manitowic, Wisconsin Symphony Orchestra, the Montana Symphony, and the Lawton, Oklahoma Philharmonic Orchestra. From 1990 until 1997, she was the principal flute instructor for the University of North Alabama. She has thirty years of music experience.

In comparison, Hollowell earned a baccalaureate degree in Music from Berry College in 1996. He had two years of experience as a band director in Rome, Georgia.

II

Plaintiff has clearly made out a *prima facie* case of both age and sex discrimination. She is a member of the protected groups, she is qualified for the position of MGMS band director, and the vacancy was filled by a male under the age of forty. Defendant's articulated, legitimate, non-discriminatory reasons for Plaintiff's non-selection are that 1) she did not fare as well as Hollowell in the interview - most assuredly a subjective reason, 2) based on their personal observations of Plaintiff in the classroom setting, Plaintiff had difficulties in maintaining discipline among her students, and 3) outgoing band director Bicknell communicated to two of the interviewers that Plaintiff had difficulties in controlling students on a band trip.

Plaintiff has produced no evidence that these reasons may have been pre-textual. There is no evidence that, in fact, Plaintiff's interview was more impressive to the interviewers than Hollowell's interview. Moreover, there is no evidence that Timlin and Connell's assessments of Plaintiff's problems in maintaining discipline were not made in good faith. Finally, there is no evidence that Bicknell did not communicate to the interviewers that Plaintiff had difficulties in controlling the students on the said trip.

3

III

Under *Chapman v. Al Transport*, 229 F.3d 1012 (11th Cir. 2000), Defendant is entitled to judgment as a matter of law. Good-faith subjective reasons may constitute legally sufficient, legitimate, non-discriminatory reasons for employment decisions. Under existing law, the decisionmakers were entitled to discount Plaintiff's superior academic qualifications because of her inferior interview and her apparent inability to maintain student discipline.

By separate order, Defendant's Motion For Summary Judgment will be granted and the case dismissed.

Done this 28th day of February, 2002.

_____
Chief United States District Judge
U.W. Clemon